# UNITED STATES DISTRICT COURT

for the

## Western District of Kentucky
## Bowling Green Division

| | |
|---|---|
| Timothy L. Gaddie<br>    *Plaintiff*<br><br>v.<br><br>Harvest Credit Management VII, LLC<br>    *Defendant*<br>Serve:<br>       David Ravin, III<br>       1776 Lincoln Street, Suite 900<br>       Denver, CO 80203 | )<br>)<br>)<br>)   Case No.  1:17-CV-34-GNS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT and DEMAND FOR JURY TRIAL

\*    \*    \*    \*    \*

### INTRODUCTION

1.      This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

### JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.      Plaintiff, Timothy L. Gaddie, is a natural person who resides in Taylor County, Ky. Mr. Gaddie is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.      Harvest Credit Management VII, LLC ("Harvest") is a foreign corporation that is not registered with the Kentucky Secretary of State. Harvest is engaged in the business of purchasing debt from creditors and collecting these debts in this state. Harvest's principal place of business is located at 1776 Lincoln Street, Suite 900, Denver, CO 80203.

5.      Harvest is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## RELEVANT FACTS

6.      On January 28, 2009, Harvest filed suit against Plaintiff Timothy Gaddie in the Taylor Circuit Court of Taylor County, Kentucky under Case No. 09-CI-00226 (the "State Court Lawsuit").

7.      Harvest's complaint in the State Court Lawsuit was an attempt to collect a charged-off credit card originated by Barclays Bank Delaware ("Barclays").

8.      Upon information and belief, the Barclays credit card at issue in the State Court Lawsuit was used solely for personal, family, or household purposes, which makes the Barclays credit card debt a "debt" within the meaning of the FDCPA.

9.      On July 21, 2009, Harvest moved for default judgment against Plaintiff Gaddie in the State Court Lawsuit.

10.      The Taylor Circuit Court entered default judgment in Harvest's favor in the State Court Lawsuit on July 23, 2009 (the "Default Judgment").  A true and accurate copy of the Default Judgment is attached as Exhibit "A."

11.      The Default Judgment provides in pertinent part:

### DEFAULT JUDGMENT

This cause having come for hearing upon Motion of the Plaintiff for a Default Judgment herein, and it appearing to the Court that the Defendant, having been duly summoned, has failed to answer or otherwise plead within the time prescribed by law, and appearing from the Affidavit filed in support of Plaintiff's Motion that the Defendant is not in the military service of the United States.

It is ORDERED and ADJUDGED that the Plaintiff recover from the Defendant the sum of $6,606.18, with interest thereon at the rate of 8.000% per annum from February 5, 2008 until date of judgment with 12.000% per annum thereafter until paid   and its court costs herein expended, for all of which it may have execution.

Exhibit "A."

12.      The Default Judgment awards "court costs herein expended."

13.      Under Kentucky law, court costs awarded under Ky. R. Civ. P. 54.04 requires the

prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.R.Civ.P. 54.04(2).

14. The purpose of the law requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

15. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

16. Harvest did not file a bill of costs in the State Court Lawsuit.

17. Harvest did not serve a bill of costs on Plaintiff Gaddie related to its costs expended in the State Court Lawsuit.

18. There is no supplemental judgment entered in the State Court Lawsuit awarding Harvest costs as required by CR 54.04.

19. Between the entry of the Default Judgment against Plaintiff Gaddie and 2015, Harvest issued nineteen (19) non-wage garnishments in an attempt to collect the Default Judgment.

20. By means of the above-mentioned non-wage garnishments, Harvest collected at least $3,019.20 from Plaintiff Gaddie.

21. Upon information and belief, Harvest applied some or all of the at least $3,019.20 collected by means of the above-mentioned non-wage garnishments to its self-awarded court costs and collection expenses.

22.     On May 27, 2016, Harvest issued a non-wage garnishment in an attempt to collect the Default Judgment (the "Twentieth Garnishment"). A true and accurate copy of the Twentieth Garnishment is attached as Exhibit "B."

23.     The Twentieth Garnishment provides in pertinent part:



24.     Upon information and belief, the "Amount Due" of $9,932.60 stated in the Twentieth Garnishment includes self-awarded court costs that Harvest has no legal right to recover from Plaintiff Gaddie.

25.     On September 6, 2016, Harvest issued a further non-wage garnishment in an attempt to collect the Default Judgment (the "Twenty-First Garnishment"). A true and accurate copy of the Twenty-First Garnishment is attached as Exhibit "C."

26.     The Twenty-First Garnishment provides in pertinent part:



27.     Upon information and belief, the "Amount Due" of $10,183.03 stated in the Twenty-First Garnishment includes self-awarded court costs that Harvest has no legal right to recover from Mr. Gaddie.

28.     The "Probable Court Costs" of $20.00 stated in the Twenty-First Garnishment consists of statutory fees that are not recoverable court costs under Kentucky law and for which no Bill of Costs was filed.

-4-

29.     The funds taken out of Plaintiff Gaddie's bank account, and the repeated garnishments issued by Harvest, have caused him great economic hardship.

30.     The repeated garnishments have caused extreme emotional and physical distress to Mr. Gaddie.

31.     Harvest violated the FDCPA in its attempts to collect money and collection of money from Plaintiff Gaddie by misrepresenting the amount of the debt in the Twentieth and Twenty-First Garnishments, including costs and fees in the amount of court costs listed in the Twentieth and Twenty-First Garnishments that are not allowable as court costs, and including a claim for court costs in the Twentieth and Twenty-First Garnishments where no Bill of Costs was filed in the State Court Lawsuit.

## Claims for Relief

**I.     Claims against Harvest Credit Management VII, LLC**

**A.     Violations of the FDCPA**

32.     The foregoing acts and omissions of Harvest Credit Management VII, LLC ass set out in paragraph 1 - 31 *supra,* constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Timothy L. Gaddie requests that the Court grant him the following relief:

1.     Award Plaintiff actual damages, including but not limited to damages for emotional distress, upset, frustration, and anxiety as a result of the repeated garnishments, including the Twentieth Garnishment and Twenty-First Garnishment;

2.     Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k against each Defendant;

3.     Award Plaintiff reasonable attorney's fees and costs as provided by 15 U.S.C. § 1692k;

4.     A trial by jury; and

5.     Such other relief as may be just and proper.

Respectfully submitted,

/s/ James R. McKenzie
**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel: (502) 371-2179
Fax: (502) 257-7309
jmckenzie@jmckenzielaw.com

James H. Lawson
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyconsumerlaw.com